# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 11-01751-TUC-CKJ [CRP] |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Todd Russell Fries, *aka Todd Burns,* | |
| Defendant. | |

Defendant's Motion To Dismiss Count Two of the Indictment *[Doc 59]* (hereafter "Motion") seeks to consolidate the allegations of Counts 1 and 2 into one count. The Government opposes the Motion.

Counts 1 and 2 contain identical allegations, except count 1 refers to a "device on the driveway in front of the garage" and count 2 refers to "a device on the back porch." It is undisputed that the two "devices" were placed at the same residence at the same time and operated in essentially the same fashion to contribute to one chlorine cloud. The Government argues separate counts are allowable because the buckets in the front of the house are a separate device from the bucket in the back of the house.

The operative statute is 18 U.S.C. § 229(a)(1), which makes it unlawful

> "to develop, produce, otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own, possess, or use, or threaten to use, <u>any</u> chemical weapon."

(emphasis added). The determination of this motion hinges on the interpretation of the meaning of "any chemical weapon."

Defendant relied on *United States v. Zalapa*, 509 F.3d 1060 (9th Cir. 2007) for the

proposition that a defendant cannot face multiple violations of the same statute based on a single act or occurrence. Motion, p.3. The Government counters that the creation of one chlorine cloud is not determinative, but rather the existence of two devices distinguishes the result in *Zalapa*. Response, p.7. The Court Finds *Zalapa* is not instructive because the statute at issue, 26 U.S.C. § 5861(d), prohibits "any person ... to receive or possess a firearm which is not registered ..." *Zalapa*, at 509 F.3d at 1062. (emphasis added). The court in *Zalapa* determined multiplicity because only one firearm support two violations of the same statute. *Id*. The use of the article "a" in defining the prohibited conduct is not instructive in this case.

Defendant cites two cases that do interpret statutes using the word "any" in contexts similar to the statute at issue. In *Bell v. United States*, 349 U.S. 81 (1955), the defendant was charged in separate counts with violating the Mann Act when he transported two women across state lines at the same time and in the same vehicle. The applicable statute read:

> Whoever knowingly transports in interstate or foreign commerce...any woman or girl for the purpose of prostitution or debauchery or for any immoral purpose ...

*Bell*, 349 U.S. at 82. Citing the doctrine that ambiguity should be resolved in favor of lenity, the Court found the two counts multiplicitous.

In *United States v. Keen*, 104 F.3d 111 (9th Cir. 1997), *Keen* was charged in separate counts for simultaneously possessing a firearm and ammunition while having previously been convicted of a felony. Under 19 U.S.C. § 922(g)(1), felons were proscribed from possessing or receiving "any firearm or ammunition." *Keen*, 104 F.3d at 1118-1119. The court relied on *Brown v. United States*, 623 F.2d 54 (1980) to conclude that Congress did not intend cumulative punishment for simultaneous possession of a firearm and ammunition. *Id*.

*Brown* involved false written statements in connection with the purchase of a firearm. *Brown* made two separate false statements in filling out the same form. The statute, 18 U.S.C. § 922(a)(6) made it unlawful to "make any false or fictitious oral or written statement" that was material to the lawfulness of the purchase of the firearm. *Brown*, 623 F.2d at 57. In ruling that the separate counts for the two statements on the same form was

multiplicitous, the court observed:

> Other courts, faced with interpretations of similar statutes which, like section 922(a)(6), prepare the object of the offense with the word "any", have concluded that no clear intent to impose cumulative punishment has been expressed by Congress (cites omitted).

*Brown*, 623 F.2d at 58.

The Government has offered no contrary authority involving the interpretation of the adjective "any" in a criminal statute. This Court, therefore, concludes Counts 1 and 2 are multiplicitous and need to be consolidated.

Therefore, it is the Report and Recommendation of this Court that District Judge Jorgenson, after her independent review and consideration, order the Motion *[Doc 59]* be granted, and that the allegations of Counts 1 and 2 be consolidated within Count 1 and that Count 2 thereafter be dismissed.

Pursuant to FED.R.CRIM.P., Rule 59(b)(2), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed with the following case number: **CR 11-01751-TUC-CKJ.**

DATED this 6th day of January, 2012.

_____
**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE