**RICHARD C. BOCK**
**LINGEMAN & BOCK**
**SUITE 801, PIONEER PLAZA BUILDING**
**100 NORTH STONE AVENUE**
**TUCSON, AZ  85701**
**(520) 792-4940**
**(520) 792-2139 (FAX)**
**lingemanbock@qwestoffice.net**

**ATTORNEY FOR DEFENDANT FRIES**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | NO.  CR11-1751-CKJ(CRP) |
| PLAINTIFF,         ) | |
| ) | **MOTION TO SUPPRESS** |
| VS.         ) | |
| ) | |
| TODD RUSSELL FRIES,         ) | |
| ) | |
| DEFENDANT,         ) | |
| _____) | |

It is expected that excludable delay pursuant to 18 U.S.C. 3161(E) may result from the filing of this motion or an order based thereon.

COMES NOW, the defendant, TODD RUSSELL FRIES, by his attorney, RICHARD C. BOCK,  and asks this court to suppress the evidence seized from two searches of his residence on May 13, 2011 and May 27, 2011.  The searches were conducted without probable cause and were in violation of the defendant's Fourth Amendment right to be free from unreasonable searches. Defendant files this motion pursuant to Rule 12 (b)(3)(C) of the Federal Rules of Criminal Procedure.

**FACTS:**

The defendant was indicted May 11, 2011 in a two count indictment for unleashing a chemical weapon in violation of 18 U.S.C. 229(a). The incident occurred on August 2, 2009 and the material involved in the incident was seized and tested in 2009. The material found in the testing was chlorine and muriatic acid, two legal substances widely used as cleaning products. The defendant owned and operated a cleaning company, Burns Power Washing. There were also plastic buckets and packing peanuts found at the scene, each of these items are readily available for purchase at Target or Walmart.

May 13, 2009, almost two years after the incident and at least eighteen months after testing the substances, the government applied for and obtained a search warrant for the defendant's personal residence and his vehicles, attached and incorporated by reference as Exhibit #1.  On May 27, 2011 the government obtained a second search warrant based on their failure to secure all the items they observed during the initial search of the premises, attached and incorporated by reference as Exhibit #2.

The initial application for the May 13, 2011 search warrant relies upon information obtained from two former employees of Burns Power Washing, CS #1, and CS #2. The individual designated as confidential source number one ( CS #1) , quit working at the company in October 2008, two and a half years before the search warrant was issued. Confidential source two ( CS #2) worked at Burns Power washing until  August 10, 2009. Both individuals in their comments to the FBI described the operation of the company, products used by the company, and the personal oddities  of  Mr. Fries.  CS #1 stated that Fries used muriatic acid and paint thinner in his business but not chlorine. Both CS #2 and 3 say Fries has a laptop computer that he uses frequently.  It should be noted, however,

that the vast majority of people in business in this country today use a mobile computing device. Exhibit #1, paragraph 19.

**LAW:**

**STALENESS:**

Possession of property at some remote time in the past will not justify a present invasion of property. ***Durham v. United States,*** 403 F.2d 190( 9th Cir. 1968) . Information that evidence was on the premises at some remote time in the past will not justify a present invasion of privacy through issuance of a search warrant. ***United States v. Alvarez***, 358 F.3d 1194( 9th Cir. 2004) . An affidavit must be based on facts so closely related in time as to justify a finding of cause at the time of the application for the warrant. ***United States v. Lacy***, 119 F.3d 742( 9th Cir. 1997).

The government often seeks to circumvent the problem of staleness by seeking to create the impression that the criminal offense in question is a continuing offense. ***United States v. Vaandering***, 50 F.3d 696( 9th Cir. 1995).  When an investigation relates to a continuing criminal business, rather than a completed act, courts will permit great lapses of time between the activity and the issuance of a search warrant. ***United States v. Fisher***, 137 F.3d 1158 ( 9th Cir. 1998).  Ninth Circuit case support searches for guns, child pornography and drugs despite significant time apses between the incident and the application for a search warrant. The rationale being that people who view child pornography save the downloaded images, people who have a gun do not throw it away, and being a drug dealer is usually a long term career choice.

The rules as applied to this case fall on the axis set forth in ***United States v. Fisher***, 137 F.3d 1158 ( 9th Cir. 1998).  Does the investigation relate to a continuing criminal business, or rather a completed act?  Applying that rule to the facts of this case leads to a rather clear cut result, this case pertains to one allegation on August 2, 2009, it was a completed act long before the search warrant

application of May 11, 2011. The government's theory is not one of defendant continuing a criminal enterprise. The claimed material used in the attack, plastic buckets, chlorine, packaging peanuts, and muriatic acid are not illegal substances or contraband.

The government seeks to support their application by reference to a problem between Mr. Fries and another customer which occurred after August 2, 2009. Exhibit #1, Section VI of Section VI of the search warrant affidavit paragraph #18 discusses an April 28, 2011 allegation which is less than one month prior to the warrant application. This allegation does not avoid a staleness challenge as the government's primary CS, CS #1 last worked for the defendant in October 2008. The April 28, 20111incident is not a federal crime so it is beyond the power of a federal magistrate to issue a search warrant to secure evidence of a non-federal offense, and the information should be respectfully disregarded by this court in its evaluation of, was there probable cause for the issuance of the May 13, 2011 warrant.

**NO NEXUS TO THE RESIDENCE:**

A search warrant affidavit must establish a reasonable nexus between the contraband sought and the residence to be searched. ***United States v. Chavez-Miranda***, 306 F.3d 973 ( 9th Cir. 2002). The affidavits supporting the search of the residence require a fair probability that evidence of a crime will be found at the location. ***United States v. Gourde***, 440 F.3d 1065( 9th Cir. 2006) en banc. Probable cause requires that the known facts and circumstances are sufficient to warrant a person of reasonable prudence to believe that evidence of a crime will be found at the location. ***Ornelas v. United States***, 517 U.S. 690( 1996). The Ninth Circuit once again reiterated a long standing rule, government must show that there is a fair probability that evidence of a crime will be found in the home. ***United States v. Collins***, 427 F.3d 688( 9th Cir. 2005).

Probable cause to believe that a suspect has committed a crime is not, by itself adequate to

obtain a search warrant for the suspect's home. ***United States v. Ramos***, 923 F.2d 1346 ( 9th Cir. 1991).  The comments of CS#2 are probably sufficient to obtain an arrest warrant  against the defendant for the August 2, 2009 incident, but they tell you nothing about evidence of a crime at the defendant's personal residence nineteen months later. CS#2 indicates he quit Burns Power Washing August 10, 2009 and that at no time after that date did he ever enter the defendant's property.

The defect in this process is that there is nothing of evidentiary value sought in the warrant application that pertains to the particular crime that is the subject of the indictment, or the stated crime on the face of the search warrant application.  The confirmation of that assertion is apparent from the inventory of items seized, no chlorine, no packaging peanuts, no muriatic acid.  Thirty nine objects were seized, none of which involving the manufacture of a chemical weapon on August 2, 2009.

**OVERBREATH:**

A laundry list of all business records will generally be found to be overbroad, search for records failed to specify the business crime being investigated. ***United States v. Bridges***, 344 F.3d 1010( 9th Cir. 2003).  Where a business is engaged in some legitimate activity, all business records may not be seized under a generalized search warrant. ***In re Grand Jury Proceeding***, 130 F.3d 853 (9th Cir. 1997) . The search of a business office will often be found overbroad. ***United States v. SDI Future Health Inc.***, 568 F.3d 684 ( 9th Cir. 2009).  General search for all business records or the company computer, is  facially deficient because it failed to specify a time frame. ***United States v. Kow***, 58 F.3d 423( 9th Cir. 1995).

The defendant is not charged with any business crime, no improper business practice, no failure to pay taxes.  Yet as page 66 of the government discovery material indicates, the FBI took all his computers and computer equipment. The items are numbered  one through ten , items 1,2,3, 9,

5

and 10 are computers or electronic accessories used in conjunction with a computer.

Exhibit #1, Section VII. Computer Evidence in the warrant affidavit covers paragraphs 20 to 32, it is a complete boilerplate recital about definitions and the nature of computers there is not one word, not one syllable about a crime or a Burns Power Washing computer being related to a crime. Paragraph #32 uses the term "specifics" but says nothing specifically about how a business computer might have been rationally related to the August 2, 2009 charged crime. What you have here is a general search of all the business computers based on no showing whatever of probable cause.

The face sheet of the search warrant recites that the search is for evidence of a crime , … property designed or intended for use in committing a crime, in violation of Title 18, United States Code, Section 229(a). The crime charged has nothing to do with computers, the affidavit says absolutely nothing specific to the facts of this case in the six page section devoted to computers. There was no probable cause to search or seize the defendant's computers based on the facts of the crime charged, and the complete lack of specificity in the warrant affidavit.

The search warrant for the business computers is overbroad and all evidence seized or derived from that seizure should be suppressed. In paragraph three of the affidavit, Exhibit #1, the government asserts that a search of the vehicles and premises will lead to instrumentalities and evidence of violations of federal law. The computers are not even included in the probable cause recital. There is a recital in paragraph #19 of the search warrant affidavit, Exhibit #1, that Fries has a laptop that he carries with him at all times. This is not evidence of a crime based on current usage of laptop computers. CS#1 last worked for Fries in October 2008, 30 months two and a half years before the warrant application.

For the three reasons stated herein, the court should suppress all evidence seized as a result of a May 13, 2011 search of the defendant's residence. The affidavit failed to establish probable

cause to search a personal residence, the information in the affidavit was stale. There was no nexus between evidence of the crime charged and the residence to be searched and no showing to support the seizure of all business computers.

**SECOND SEARCH WARRANT:**

May 27, 2011 the government applied for and obtained a second search warrant from a different federal magistrate. A prior invalid search of a home will invalidate a second warrant application based on the initial invalid search. United States v. Hill, 55 F.3d 479 ( 9th Cir. 1995). Exhibit #1, Section I, Paragraphs 8 through 11 of the May 27, 2011 reflect that the FBI left some items behind in the first search and they wanted to go back and retrieve the material. There is no new or further showing of probable cause. The lack of probable cause for the first warrant invalidates the second request as well.

RESPECTFULLY SUBMITTED this 17TH day of April, 2012.

LINGEMAN & BOCK

BY  /s/ RICHARD C. BOCK

Copy of the foregoing
delivered this date to:

Beverly Anderson
U.S. Attorney