IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Todd Russell Fries,<br><br>    Defendant. | No. cr-11-1751-TUC-CKJ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are three motions filed by Defendant challenging the superseding indictment. (Docs. 65, 80, 81). In the superseding indictment, Counts One and Three stem from an August 2, 2009 incident in which Defendant allegedly created and used a chemical cloud for non-peaceful purposes, allegedly to seek revenge against Myles and Karen Levine for their refusal to pay Defendant for work he had completed on their behalf. (Doc. 48).[1]

Twenty-one months after the chemical cloud incident, federal agents arrested Defendant on May 13, 2011. While executing a search warrant at Defendant's home on the same day, federal agents found 24 explosive devices. Counts Four and Five of the superseding indictment relate to the devices discovered during the May 2011 search.

**Motion to Sever (Doc. 65)**

In the Motion to Sever, Defendant moves the Court to sever Counts Four and Five, the counts related to the explosive devices discovered during the May 2011 search of his

---

[1] The Court granted Defendant's motion to dismiss Count Two of the superseding indictment. (Doc. 88). Count Two allegations were consolidated with Count One. In the parties' pleadings there are some references to Count Two because these pleadings were filed before the Court granted Defendant's motion to dismiss that Count.

home. (Doc. 65). Defendant argues these alleged offenses, focused on explosive devices found in May 2011, are not based on the same act or transaction as Counts One and Three, which arise from the alleged August 2009 chemical cloud incident. The Government maintains the explosive devices at issue in Counts Four and Five are similar in character to the chemical device in Count One. (Doc. 90). The Government notes the devices are all homemade, destructive devices allegedly manufactured by Defendant from "simple everyday products." (Doc. 90, p. 3).

Rule 8(a) of the Federal Rules of Criminal Procedure provides for the joinder of two or more offenses if (1) they are of similar character, (2) they are based on the same act or transaction, or (3) they are connected together or constitute part of a common scheme or plan. The validity of joinder under Rule 8(a) "is determined solely by the allegations in the indictment." *United States v. Terry,* 911 F.2d 272, 276 (9th Cir.1990) (internal citations omitted). Rule 8(a) is to be interpreted broadly in favor of joinder. *United States v. Friedman,* 445 F.2d 1076, 1082 (9th Cir.1971).

Even interpreting Rule 8(a) broadly, the Magistrate Judge recommends granting Defendant's motion. Counts Four and Five are not similar in character to Count One, nor is it alleged that they are part of the same act or transaction or connected together or part of a common scheme or plan. Counts One and Three arise from the May 2009 incident, which involved the creation of a chemical cloud using "a combination of chlorcyanuric acid and an unknown reactive chemical component…" (Doc. 48). Count Four and Five arise from the devices discovered at Defendant's home in August 2011. These devices are not created with chemicals. They are mechanical in nature, made with fuses, metal balls, and a low-explosive main charge. (Doc. 48).

In addition to the difference in their composition, the chemical cloud and the explosive devices are separated by twenty-one months of time. The chemical cloud was allegedly created in May 2009 and the explosive devices were discovered in August 2011. There is no allegation that the explosive devices were made contemporaneously to the chemical cloud. Further, Defendant allegedly had a target for the chemical cloud; the

cloud was created to seek revenge against a specific set of victims for a specific reason – failure to pay Defendant for work he completed. In contrast, the Government has not alleged a victim nor a motive for the creation of the explosive devices discovered in August 2011. The Magistrate Judge recommends severing Counts Four and Five from the Superseding Indictment as joinder is not proper under Rule 8(a).

On a related issue, the Magistrate Judge further finds that joinder of Counts Four and Five would be prejudicial to Defendant and therefore, would violate Rule 14(a) of the Federal Rules of Criminal Procedure. While initial joinder may be appropriate under Rule 8(a), subsequent severance may be appropriate if either party would be prejudiced by the joinder. Rule 14(a) provides relief from joinder "[i]f the joinder of offenses . . . in the indictment . . . appears to prejudice a defendant or the government." Fed.R.Crim.P. 14(a). *See* 1A Wright, *Federal Practice & Procedure:* Criminal 4d § 143 (2012) (detailing types of prejudice, including joinder making it more difficult for a defendant to testify on his own behalf, permitting the jury to hear evidence that would be inadmissible in separate trials and creating a risk that the jury will use the evidence of separate crimes cumulatively). In this case, Defendant faces charges for using a chemical weapon and for possessing destructive mechanical devices. These are separate crimes. The jury could hear the evidence about either of these separate crimes and decide cumulatively that Defendant is guilty.

**Motion to Dismiss Counts Four and Five (Doc. 80)**

Defendant argues Counts Four and Five are duplicitous because the Counts allege more than one violation within a single count. (Doc. 80). Duplicity is the joining of two or more distinct and separate offenses in a single count. *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir.2005). If counts are duplicitous, a jury cannot convict on one offense and acquit on the other offense contained in the same count. "A duplicitous indictment compromises a defendant's Sixth Amendment right to know the charges against him, as well as his Fifth Amendment protection against double jeopardy." *United States v. King*, 200 F.3d 1207, 1212 (9th Cir.1999) (internal citation omitted). Further, if jurors have two

crimes to consider in the same count, they may convict without reaching a unanimous agreement on either crime.

An indictment is not duplicitous merely because a count identifies several ways in which one offense may be committed. "When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." *United States v. Urrutia,* 897 F.2d 430, 432 (9th Cir.1990). Federal Rule of Criminal Procedure 7(c) specifically provides that "[i]t may be alleged in a single count that ... the defendant committed [the offense] by one or more specified means." The Supreme Court noted that "[a] single offense should normally be charged in one count rather than several, even if different means of committing the offense are alleged." *Sanabria v. United States,* 437 U.S. 54, 66 n. 20 (1978).

In this case, Defendant is charged with being in possession of destructive devices in violation of 26 U.S.C. §§ 5861(d), 5871. Count Four includes the three discovered devices that were completed and "covered with fragmentation (ball bearings)." (Doc. 96, p. 2). Count Five includes the "items that were readily assembled into destructive devices…" In both Counts, the multiple devices and items to create devices are all different means for committing the offense of possessing a destructive device in violation of the cited statutes. The Counts are not duplicitous. The Magistrate Judge recommends denying the Motion to Dismiss Counts Four and Five.

**Motion to Dismiss for Lack of Jurisdiction (Doc. 81)**

Defendant argues this Court lacks subject matter jurisdiction over the crimes alleged in Counts One and Two, the creation of the chemical cloud. (Doc. 81). While Defendant appeared to be arguing against the constitutionality of 18 U.S.C. § 229 in his original Motion, he clarified in oral argument and in supplemental briefing that he is not challenging the constitutionality of the Chemical Weapons Statute, 18 U.S.C. § 229. (Docs. 108, 109). Defendant argues, instead, that the creation of the chemical cloud had to have occurred on federal property or had to have some element of interstate commerce

for this Court to have subject matter jurisdiction.

Subsection (c) of the Chemical Weapons Statute outlines the Court's subject matter jurisdiction for the crime of creating a chemical weapon. It reads:

> (c) Jurisdiction.--Conduct prohibited by subsection (a) is within the jurisdiction of the United States if the prohibited conduct--
>
> (1) takes place in the United States;
>
> (2) takes place outside of the United States and is committed by a national of the United States;
>
> (3) is committed against a national of the United States while the national is outside the United States; *or*
>
> (4) is committed against any property that is owned, leased, or used by the United States or by any department or agency of the United States, whether the property is within or outside the United States.

18 U.S.C. § 229(c) (emphasis added). For his argument that this Court lacks subject matter jurisdiction, Defendant focuses only on subsection (c)(4) of the statute. Because the alleged creation of the chemical cloud did not occur on property "owned, leased, or used" by the United States or a government agency, Defendant argues the statute does not apply to him. Defendant is incorrect.

Critical to the analysis of subsection (c) is the word "or". Generally, the use of the disjunctive "or" in a statute indicates alternatives and requires separate treatment of those alternatives. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (terms used in the disjunctive should "be given separate meanings, unless the context dictates otherwise"); *United States v. Tucor Int'l, Inc.*, 238 F.3d 1171, 1178 (9th Cir.2001) (noting plain meaning of "or" in Hyde Amendment indicates a disjunctive test). Thus, in § 229, jurisdiction can be established in four separate ways. While Defendant is not alleged to have created a chemical cloud on federal property; he is alleged to have created the chemical cloud in the United States. Subsection (c)(1) establishes jurisdiction.

The Government did address the authority of Congress to enact this statute

- 5 -

pursuant to its treaty power, the Commerce Clause, and the Necessary and Proper Clause. (Docs. 95, 110). Whether jurisdiction under subsection (c)(1) may be overly broad because there is no interstate commerce element or whether jurisdiction may be permissible under the Necessary and Proper Clause as enacted pursuant to a valid international treaty are constitutional issues not raised by Defendant. The Court will not address the constitutionality of 18 U.S.C. § 229. *American Foreign Service Ass'n v. Garfinkel*, 490 U.S. 153, 161 (1989) ("courts should be extremely careful not to issue unnecessary constitutional rulings").

Defendant's various arguments about the interstate commerce element or federal property jurisdictional element in other statutes is of no consequence to the analysis of whether jurisdiction under this Chemical Weapons Statute is valid. The Magistrate Judge recommends denying this Motion to Dismiss.

**Recommendation**

Based on the above, the Magistrate Judge recommends the District Court, after its independent review:

GRANT Defendant's Motion to Sever Counts Four and Five. (Doc. 65);

DENY Defendant's Motion to Dismiss Counts Four and Five. (Doc. 80);
DENY Defendant's Motion to Dismiss for Lack of Jurisdiction. (Doc. 81).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr-11-1751-CKJ**.

Dated this 26th day of June, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE