IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>v.<br><br>Todd Russell Fries,<br><br>              Defendant. | No. cr-11-1751-TUC-CKJ (CRP)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR IMPROPER GRAND JURY PRESENTATION** |

In his Motion to Dismiss Indictment for Improper Grand Jury Presentation, Defendant seeks dismissal of the Indictment for three alleged errors in the prosecutor's presentation of the evidence to the grand jury. (Doc. 98). Defendant contends the Federal Bureau of Investigation ("FBI") agent who testified before the grand jury testified about an irrelevant and prejudicial incident, testified as if he was an eye witness to the events in question and that the Government told the grand jury it had another witness and then did not have that witness testify.

**Factual Summary**

Defendant was indicted by a grand jury on May 11, 2011 on two counts of violating the prohibition against chemical weapons in 18 U.S.C. § 229(a). (Doc. 3). The charges stemmed from an incident on August 2, 2009. On that day, Defendant allegedly created a chemical cloud at the home of a dissatisfied former customer in retaliation for the customer's refusal to pay Defendant for worked he completed. Defendant also

allegedly committed similar acts of vandalism, not involving chemical clouds, on two other occasions against dissatisfied former customers who refused to pay him.

The Government presented evidence of Defendant's alleged crimes to two grand juries. The first grand jury heard evidence on August 4, 2010. (Doc. 98 at 2; Sealed Transcript of 8/4/10 Grand Jury Hearing at Doc. 101-1 at 2-8). No indictment was issued. As discussed in oral argument before Magistrate Judge Pyle on June 20, 2012, a second, different grand jury heard evidence on May 11, 2011. (Sealed Transcript of 5/1/11 Grand Jury Transcript at Doc. 101-2 at 2-25). FBI Special Agent Nowak testified in both grand juries.

**Discussion**

The judicial power to intervene in grand jury proceedings is "frequently discussed, but rarely invoked." *United States v. Samango*, 607 F.2d 877, 881 (9th Cir.1979). Because of separation of powers principles, a grand jury indictment "may be dismissed only in 'flagrant case[s]' of prosecutorial misconduct." *United States v. Sears, Roebuck & Co., Inc.*, 719 F.2d 1386, 1391 (9th Cir.1983) (internal citation omitted). An indictment can be based solely on hearsay evidence; the constitutional requirement of an indictment is that it be "returned by a legally constituted and unbiased grand jury." *Costello v. United States*, 350 U.S. 359, 363 (1956). "[O]nly in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury." *United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir.1977).

In the case before this Court, no errors, if there were any, in the presentation of the evidence to the grand jury were flagrant such that the Court would dismiss the Indictment. First, no rules or law prevented Agent Nowak from testifying about one of the other alleged incidents in which Defendant vandalized a former customer's property. Defendant argues Agent Nowak should not have testified about an incident on October 31/November 1, 2008. The Federal Rules of Evidence do not apply to grand jury proceedings, except for rules on privilege. Fed.R.Evid. 1101(d)(2). While evidence of

other similar acts Defendant allegedly committed may or may not eventually be admissible at trial, there is no requirement that this evidence be withheld from the grand jury.

The Magistrate Judge's conclusion that Agent Nowak's testimony was permissible is unchanged by Defendant's citation to a treatise recommending that prosecutors not introduce irrelevant or prejudicial evidence. (Doc. 98 at 3). The treatise begins by acknowledging that the Federal Rules of Evidence do not apply to grand juries and that some evidence that would not be permissible at trial is allowed in grand jury presentation. Further, the admissibility of the other act evidence in this case is an issue that will be decided before trial. It need not be addressed to the grand jury and it was not error for Agent Nowak to testify as to the other incident during grand jury proceedings.

Defendant also alleges Agent Nowak did not clearly tell the jury that he was not present at the alleged 2008 incident. Review of the grand jury testimony shows that Agent Nowak did not represent that he was present at the incident. Agent Nowak presented the facts of the incident. He was not required to tell the jury that he was or was not present. Hearsay evidence is permitted in grand jury testimony. Agent Nowak violated no rules or law when he provided a factual account of the alleged incident based on reports and evidence gathered by FBI agents.

Defendant's final contention is that the prosecutor erred in telling the grand jury that "we have another witness outside" and then not presenting the testimony of that witness. As discussed in oral argument before Magistrate Judge Pyle on June 20, 2012, the prosecution did have another witness who did testify. Defendant has subsequently received the transcripts from the testimony of that witness. Further, Defendant did not show that it would have been error for the prosecutor to make that statement and then not present a witness. Further, even if there had been error, there is no evidence that such an error would have been flagrant such that it would invalidate an otherwise valid indictment. *Kennedy*, 564 F.2d at 1338.

Finally, the Magistrate Judge agrees with the Government that *Samango* is not

applicable to this case and Defendant's request for an evidentiary hearing pursuant to *Samango* is likewise not warranted. In *Samango*, there were multiple examples of prosecutorial misconduct. 607 F.2d at 878-879. It was the prosecutor's behavior that was so improper and prejudicial that there was concern it biased the grand jury. *Id*. at 880-881. Only after determining that the prosecutor's conduct "represented a serious threat to the integrity of the judicial process" did the Ninth Circuit affirm the district court's dismissal of the indictment. *Id*. at 885.

In the case before this Court, the Magistrate Judge finds no obvious errors in the grand jury presentation and no errors that would threaten the integrity of the judicial process.

**Recommendation**

Based on the above, the Magistrate Judge recommends the District Court, after its independent review DENY Defendant's Motion to Dismiss Indictment for Improper Grand Jury Presentation (Doc. 98).

Given the September 18, 2012 trial date, any party may serve and file written objections within **five business days** of being served with a copy of the Report and Recommendation.  If objections are not timely filed, they may be deemed waived. Any responses to objections must be filed within **five business days** of being served with a copy of the objections. **No replies will be permitted**. The parties are advised that any objections filed are to be identified with the following case number: **cr-11-1751-CKJ**.

Dated this 24th day of August, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 4 -