**RICHARD C. BOCK**
**LINGEMAN & BOCK**
**SUITE 801, PIONEER PLAZA BUILDING**
**100 NORTH STONE AVENUE**
**TUCSON, AZ  85701**
**(520) 792-4940**
**(520) 792-2139 (FAX)**
**lingemanbock@qwestoffice.net**

**ATTORNEY FOR DEFENDANT FRIES**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                           )<br>         PLAINTIFF,                            )<br>                                                           )<br>VS.                                                      )<br>                                                           )<br>TODD RUSSELL FRIES,                    )<br>                                                           )<br>         DEFENDANT,                          )<br>_____) | NO.  CR11-1751-CKJ(CRP)<br><br>**DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS** |

COMES NOW the defendant, TODD RUSSELL FRIES, by and through counsel, RICHARD C. BOCK, and pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure submits the following request for jury instructions in the above captioned matter.

RESPECTFULLY SUBMITTED this 7th day of September, 2012.

LINGEMAN & BOCK

BY   /s/ RICHARD C. BOCK

The defense requests that the Court provide the following instructions to the jury as they relate to the present case:

1.2     The Charge- Presumption

1.11    Taking Notes

1. 12   Outline of Trial

2.2     Charge Against the Defendant is Not Evidence

3.5     Reasonable Doubt -Defined

3.9     Credibility of Witnesses

3.11    Activities Not Charged

2.12    Separate Consideration of Multiple Counts

3.15    Lesser Included Offense

4.8.    Impeachment Evidence – Witness

4.16    Missing Evidence -No Tape of August 4, 2009 call

8.66    False Statement to Government Agency (18 U.S.C. §1001)

SPECIFIC REQUEST NO. 1 - THEORY OF THE CASE

Defendant requests the following specific request on the charge of 18 U.S.C. 229

A defendant is entitled to a jury instruction on his theory of the case, and it is the court's responsibility to ensure that the instruction adequately presents the defendant's theory of the case. ***United States v. Munoz,*** 233 F.3d 1117 ( 9th Cir. 2000 ).

Defendant asks this court to charge the jury to find that they must agree unanimously that he committed every element of the charged crime beyond a reasonable doubt. The fact that you find, he may have committed some acts is not sufficient. You must agree unanimously that he has committed each of the acts that constitute a violation of 18 U.S.C. 229 beyond a reasonable doubt.

Granted ___ Denied____

SPECIFIC REQUEST NO. 2

To violate 18 U.S.C. 229 a defendant must develop, produce, acquire, transfer, receive, stockpile, retain, own, possess, or use or threaten to use any chemical weapon. A chemical weapon is defined as: (A) A toxic chemical and its precursors except where intended for a purpose not prohibited under this chapter as long as the type and quantity is consistent with such a purpose.

(B) A munition or device, specifically designed to cause death or other harm through toxic properties of those toxic chemicals in sub paragraph (A), which would be released as a result of the employment of such munition or device.

Both of these provisions require the presence of a toxic chemical. Now I shall define Toxic Chemical as defined in the law, this may be different from definitions you may have learned during your education but for purposes of your deliberation you must follow the legal definition:

TOXIC CHEMICAL: The term toxic chemical means any chemical which through its chemical action on life processes can cause death, temporary incapacitation or permanent harm to humans or animals.

Granted ___ Denied____

SPECIFIC REQUEST NO. 3

The defense requests the Court to charge the jury on Count 2, 18 U.S.C. 1001 pursuant to Ninth Circuit Pattern Jury Instruction 8.66 False Statement to Government Agency.

Materiality must be demonstrated by the government . Statement incapable of influencing government decision making will not be considered material. ***United States v. McKenna,*** 327F.3d 830( 9th Cir. 2003).

Granted ___ Denied____

SPECIFIC REQUEST NO. 4

All of you members of the jury must unanimously agree as to which particular statement was false and material.

Defendant respectfully requests the right to submit further instructions during the trial and up to the final jury trial conference with the court as per Federal Rule of Criminal Procedure 30( a).

Granted ___ Denied____

RESPECTFULLY SUBMITTED this 7th day of September, 2012.

                                          LINGEMAN & BOCK

                                          BY   /s/ RICHARD C. BOCK

Copy of the foregoing
delivered this date to:

Beverly Anderson
U.S. Attorney