IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>TODD RUSSELL FRIES<br><br>Defendant. | No. CR-11-01751-CKJ-TUC<br><br>**ORDER** |

On August 27, 2012, Magistrate Judge Charles R. Pyle issued two Reports and Recommendations. In the first, he recommended that Defendant's Motion to Suppress (Doc. 99) be denied. (Doc. 157). Defendant filed an objection to the Report and Recommendation on August 30, 2012. (Doc. 160). The government filed a response on September 7, 2012. (Doc. 172).

In the second Report and Recommendation, the Magistrate Judge recommended that Defendant's Motion to Dismiss Improper Grand Jury Presentation (Doc. 98) be denied. (Doc. 158). Defendant filed an objection to this Report and Recommendation on August 31, 2012. (Doc. 162). The government filed a response on September 10, 2012. (Doc. 176).   After the filing of the motion and oral argument before the Magistrate Judge, a second superseding indictment was returned on July 25, 2012 (Doc. 134). Therefore, the issue raised by Defendant may be moot. Nevertheless, the Court will address the Motion in this Order.

## I.   STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the un-objected to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); S*ee also Conley v. Crabtree,* 14 F.Supp.2d 1203, 1204 (D.Or.1998).

## II.   ANALYSIS

*Motion to Suppress*

Defendant raises several objections to the Report and Recommendation. The first objection is that the information used by law enforcement to obtain the search warrant was stale.

The government obtained a search warrant on May 11, 2011 to search the Defendant's residence for evidence of a crime that occurred on August 2, 2009. While nearly two years had elapsed between the time of the alleged crime and the search warrant, "the mere lapse of substantial amounts of time is not controlling in a question of staleness." *United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997) (*citing United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988)(*internal quotations omitted*). When there is a sufficient basis to believe that the items to be seized will still be at a location, based upon a continuing pattern of behavior or other good reasons, a search warrant is not stale. *Id*. at 746.

In the search warrant affidavit, (Doc. 117-1) Special Agent Brian Nowak of the FBI outlined three incidents occurring on November 1, 2008, August 2, 2009, and April 28, 2011. In all three of these incidents, dissatisfied customers of the Defendant found their homes vandalized. A similar *modus operandi* was used each time. In all three incidents, a viscous liquid made up of a combination of motor oil, grease and feces were strewn across the targeted properties. Further, dead animals were left on each of the

properties, including dead woodpeckers. In two of the incidents, graffiti including ethnic slurs were spray-painted on the property and in all three of the incidents, stolen identifications were discovered on the property.

Defendant's former employees stated that the Defendant stockpiled buckets, oil, feces, and dead animals, including woodpeckers, at his home to retaliate against dissatisfied customers. These employees also indicated that the Defendant kept chemicals in his garage including chlorine tablets and liquid chlorine even though he did not use those chemicals in his business.

While the Defendant's former employees stopped working with the Defendant in 2008 or 2009, at least two years before the issuance of the search warrant, they discussed a pattern of behavior of the defendant in stockpiling these items. Moreover, the last incident referenced in the affidavit occurred on April 28, 2011, less than two weeks before the government acquired the search warrant. Based on the totality of circumstances outlined in the search warrant affidavit, an ongoing pattern of behavior that continued until two weeks prior to the date of the search warrant was established and the information was not stale. *See generally United States v. Leasure,* 319 F.3d 1092, 1099 (9th Cir. 2003).

Defendant next argues that different rules of staleness apply when a search warrant is issued to search a business as opposed to a private residence. Defendant however, cites to no authority to support his position. Either way, the Defendant's business was run out of his residence and the Court is unaware of any rule requiring a different standard related to staleness in acquiring a search warrant for a business as opposed to a residence.

`In making a determination whether to issue any search warrant, a Magistrate Judge must assess the totality of the circumstances to make a "common-sense decision." *United States v. Chavez-Miranda,* 306 F.3d 973, 978 (9th Cir. 2002). "Under the totality of the circumstances test, otherwise innocent behavior may be indicative of criminality when viewed in context." *Id.* Accordingly, while possessing certain chemicals and other products may not independently be indicative of criminality, viewed in the totality of the

circumstances based on the information in the affidavit, common sense dictates that contraband indicative of criminality was likely to be found at the Defendant's residence.

Defendant argues that the request in the search warrant to search every computer on the premises was baseless. Defendant's former employees told FBI agents that Defendant carried a laptop with him at all times and used a second computer in his house. The relevance of the computer search was based on the notion that Defendant likely kept business related information on his computers. Since the alleged acts of vandalism all occurred against his former customers, this request was not baseless. Additionally, information related to the making of a chemical bomb could be reasonably believed to be found on Defendant's computers.

Finally, Defendant argues that the vast scope of the government's requests at the end of the warrant was overbroad. "Specificity has two aspects: particularity and breadth. Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based." *United States v. Hill*, 459 F.3d 966, 973 (9th Cir. 2006) (ci*ting United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993)(*internal quotation marks and citations omitted*). While a search warrant must be specific in the items to be seized, it only has to be reasonably specific. *United States v. Bridges*, 344 F.3d 1010 (9th Cir. 2003). This search warrant incorporates by reference Attachment B entitled "Items to be Seized" from the search warrant affidavit. Attachment B itemizes each item to be seized and this Court finds it is reasonably specific. Further, the items identified in Attachment B are limited by the probable cause on which the warrant is based, namely Defendant's involvement in vandalism against former customers and the creation of a chemical cloud.

*Motion to Dismiss*

Defendant objects to the Report and Recommendation addressing his Motion to Dismiss on the ground that use of hearsay must be acknowledged during the presentation

of evidence before a grand jury. In support of his argument, Defendant cites to *United States v. Estepa*, 471 F.2d 1132 (2nd Cir. 1972). However, that case's precedent was rejected by the Ninth Circuit in *United States v. Chanen*, 549 F.2d 1306, 1311 (9th Cir. 1977). Accordingly, hearsay evidence may be presented to a federal grand jury. *Id*. The only requirement is that the grand jury is not misled as to the nature of the evidence given to them. *See United States v. Long*, 706 F.2d 1044, 1050 (9th Cir. 1983). Defendant argues that Agent Nowak misled the grand jury by not disclosing that he was not present at the 2008 incident to which he testified. "[O]nly in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury." *United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir. 1977). A review of the grand jury testimony reveals that Agent Nowak never stated he was present at the 2008 incident and did not mislead the grand jury.

Defendant further objects to the presentation of uncharged crime evidence to the grand jury. Specifically, he objects to witnesses testifying about the October 31/November 1, 2008 incident involving the Levines. However, Defendant cites no law to support his position. The Federal Rules of Evidence do not apply in grand jury proceedings, except for the rules on privilege. Fed.R.Evid. 1101(d)(2). In fact, the evidence, Defendant objects to at the grand jury has been found to be admissible in his criminal trial. There is no requirement that evidence of prior bad acts be withheld from a grand jury. *See Id.*

Defendant's next objection relates to the Magistrate Judge's recommendation that a *Samango* hearing is not warranted. A review of the grand jury testimony does not reveal any obvious errors in the grand jury presentation. In *Samango*, there were multiple incidents of prosecutorial misconduct, which are not present here. *See United States v. Samango*, 607 F.2d 877 (9th Cir. 1979).

Accordingly, IT IS ORDERED

1. The Report and Recommendation (Doc. 157) is ADOPTED.

2. Defendant's Motion to Suppress (Doc. 99) is DENIED.

3. The Report and Recommendation (Doc. 158) is ADOPTED.

4. Defendant's Motion to Dismiss Improper Grand Jury Presentation (Doc. 98) is DENIED.

Dated this 13th day of September, 2012.

Cindy K. Jorgenson
United States District Judge