1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   BEVERLY K. ANDERSON
3  DAVID A. PIMSNER
   Assistant United States Attorneys
4  AZ State Bar No: 010547
   405 West Congress Street, Suite 4800
5  Tucson, Arizona  85701-5040
   Telephone:  (520) 620-7300
6  bev.anderson@usdoj.gov
   Attorneys for Plaintiff
7
                    UNITED STATES DISTRICT COURT
8                      DISTRICT OF ARIZONA

9  United States of America,         )      CR 11-01751-TUC-CKJ (CRP)
                                     )
10              Plaintiff,           )      **GOVERNMENT'S REQUESTED**
                                     )         **JURY INSTRUCTIONS**
11      v.                           )
                                     )
12 Todd Russell Fries,               )
                                     )
13              Defendant.           )
                                     )
14 _____    )

15

16      Comes now the Plaintiff, the United States of America, by and through its attorneys,

17 JOHN S. LEONARDO, United States Attorney for the District of Arizona, BEVERLY K.

18 ANDERSON and DAVID A. PIMSNER, Assistant United States Attorneys, and respectfully

19 submits the attached instructions to the Court and requests that the same be given by the

20 Court to the jury in the trial of the above-captioned matter.

21      Respectfully submitted this 14th day of September, 2012.

22                                         JOHN S. LEONARDO
                                           United States Attorney
23                                         District of Arizona

24                                         *S/Beverly K. Anderson*

25
                                           BEVERLY K. ANDERSON
26                                         DAVID A. PIMSNER
                                           Assistant U.S. Attorneys

1    A copy of the foregoing has been served
electronically or by other means this 14th

2    day of September, 2012, to:

3    Richard Bock, Esq.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**I. PRELIMINARY INSTRUCTIONS**

Manual of Model Jury Instructions for the Ninth Circuit (2012)

| | |
|---|---|
| § 1.1 | DUTY OF JURY |
| §§ 1.2,  8.73 and 18 U.S,C. §229 | THE CHARGE—PRESUMPTION OF INNOCENCE  (ATTACHED) |
| § 1.3 | WHAT IS EVIDENCE |
| § 1.4 | WHAT IS NOT EVIDENCE |
| § 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| § 1.6 | RULING ON OBJECTIONS |
| § 1.7 | CREDIBILITY OF WITNESSES |
| § 1.8 | CONDUCT OF THE JURY |
| § 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| § 1.10 | TAKING NOTES |
| § 1.11 | OUTLINE OF TRIAL |

**II. INSTRUCTIONS  IN  THE  COURSE  OF  TRIAL**

Manual of Model Jury Instructions for the Ninth Circuit (2012)

| | |
|---|---|
| § 2.1 | CAUTIONARY INSTRUCTION—FIRST RECESS |
| § 2.2 | BENCH CONFERENCES AND RECESSES |
| § 2.3 | STIPULATED TESTIMONY |
| § 2.4 | STIPULATIONS OF FACT |
| §2.5 | JUDICIAL NOTICE |
| §2.7 | TRANSCRIPT   OF   RECORDING   IN ENGLISH |

§2.10                                            OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT (ATTACHED)

§2.11                                            EVIDENCE FOR LIMITED PURPOSE

§2.12                                            PHOTOS OF DEFENDANT

**III.  INSTRUCTIONS AT END OF CASE**

Manual of Model Jury Instructions for the Ninth Circuit (2012)

§ 3.1                                            DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

§ 3.2                                            CHARGE  AGAINST  DEFENDANT NOT EVIDENCE—PRESUMPTION  OF INNOCENCE—BURDEN OF PROOF

§ 3.3                                            DEFENDANT'S DECISION NOT TO TESTIFY

§ 3.4                                            DEFENDANT'S DECISION  TO TESTIFY

§ 3.5                                            REASONABLE DOUBT—DEFINED

§ 3.6                                            WHAT IS EVIDENCE

§ 3.7                                            WHAT IS NOT EVIDENCE

§ 3.8                                            DIRECT   AND CIRCUMSTANTIAL EVIDENCE

§ 3.9                                            CREDIBILITY OF WITNESSES

§ 3.10                                           ACTIVITIES NOT CHARGED

§ 3.11                                           SEPARATE   CONSIDERATION OF MULTIPLE   COUNTS-SINGLE DEFENDANT

§ 3.17                                           POSSESSION—DEFINED (ATTACHED)

§ 4.1                                            STATEMENTS BY DEFENDANT

§ 4.3     OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT (ATTACHED)

§ 4.4     CHARACTER OF DEFENDANT

§4.9     TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES-IMMUNITY, BENEFITS, ACCOMPLICE PLEA (ATTACHED)

§ 4.14     OPINION EVIDENCE, EXPERT WITNESS

§ 5.1     AIDING AND ABETTING (ATTACHED)

§ 5.6     KNOWINGLY—DEFINED

§ 6.1     ALIBI

§ 7.1     DUTY TO DELIBERATE

§ 7.2     CONSIDERATION OF EVIDENCE-CONDUCT OF THE JURY

§ 7.3     USE OF NOTES

§ 7.4     JURY CONSIDERATION OF PUNISHMENT

§ 7.5     VERDICT FORM

§ 7.6     COMMUNICATION WITH COURT

5

1        GOVERNMENT'S REQUESTED INSTRUCTION NO. 1

2        THE CHARGE—PRESUMPTION OF INNOCENCE

3    This is a criminal case brought by the United States government. The government

4 charges the defendant with Count 1: Prohibition Against Chemical Weapons and Count 2;

5 False Statements.   The charges against the defendant are contained in the indictment. The

6 indictment simply describes the charges the government brings against the defendant.  The

7 indictment it is not evidence and does not prove anything

8    The defendant has pleaded not guilty to the charges and is presumed innocent unless

9 and until the government proves the defendant guilty beyond a reasonable doubt.  In addition,

10 the defendant has the right to remain silent and never has to prove innocence or to present

11 any evidence.

12    In order to help you follow the evidence, I will now give you a brief summary of the

13 elements of the crimes which the government must prove to make its case:

14    The defendant is charged in Count 1 of the indictment with Prohibition Against

15 Chemical Weapons in violation of Title 18, United States Code §§ 229(a) and  2.  In order

16 for the defendant to be found guilty of that charge, the government must prove each of the

17 following elements beyond a reasonable doubt:

18    First, the defendant knowingly developed, produced, possessed, used a chemical

19 weapon or assisted or induced another person to do any of the foregoing.

20    Second, the defendant acted knowingly.

21    Third, the offense took place in the United States.

22    The defendant is also charged in Count 2 of the indictment with false statements in

23 violation of Title 18, United States Code§1001(A)(2).  In order for the defendant to be found

24 guilty of that charge, the government must prove each of the following elements beyond a

25 reasonable doubt:

26    First, the defendant made a false statement in a matter within the jurisdiction of the

1   Federal Bureau of Investigation;

2   　　　Second, the defendant acted willfully; that is, deliberately and with knowledge that

3   the statement was untrue; and

4   　　　Third, the statement was material to the activities or decisions of the Federal Bureau

5   of Investigation; that is, it had a natural tendency to influence, or was capable of influencing,

6   the agency's decisions or activities.

7   　　　These instructions are preliminary and the instructions I will give at the end of the

8   case will control.

9

10   Manual of Model Jury Instructions for the Ninth Circuit §§ 1.2 and 8.73,  (2012);
     18 U.S.C. §229

11

12

13

14

15

16

17

18

19

20

21

22

23   GIVEN:　　　　　　_____

24   REFUSED:　　　　　_____

25   MODIFIED:　　　　 _____

26

GOVERNMENT'S REQUESTED INSTRUCTION NO. 2

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT


You are about to hear testimony that the defendant committed other crimes, wrongs and acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident and for no other purpose.


AUTHORITY:        Manual of Model Jury Instructions for the Ninth Circuit § 2.10 (2012)

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

GOVERNMENT'S REQUESTED INSTRUCTION NO. 3

POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.


AUTHORITY:          Manual of Model Jury Instructions for the Ninth Circuit § 3.17 (2012)

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

1

GOVERNMENT'S REQUESTED INSTRUCTION NO.4

2

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

3

4        You have heard evidence that the defendant committed other crimes, wrongs, and acts

5    not charged here.  You may consider this evidence only for its bearing, if any, on the question

6    of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence

7    of mistake,  absence of accident and for no other purpose.

8
      AUTHORITY:          Manual of Model Jury Instructions for the Ninth Circuit § 4.3 (2012)
9

10

11

12

13

14

15

16

17

18

19

20

21
      GIVEN:                _____
22
      REFUSED:              _____
23
      MODIFIED:             _____
24

25

26

GOVERNMENT'S REQUESTED INSTRUCTION NO.  5

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—

IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Austreberto Montiel, a witness whose testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness;

You have heard testimony from Daniel Jordan, a witness who pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

You have heard testimony from Edward Trujillo, a witness whose testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness;

For the foregoing reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony, individually, may have been influenced by any of these factors.  In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

AUTHORITY:        Manual of Model Jury Instructions for the Ninth Circuit § 4.9 (2012)

GIVEN:              _____

REFUSED:         _____

MODIFIED:        _____

1     GOVERNMENT'S REQUESTED INSTRUCTION NO.  6

2     AIDING AND ABETTING

3     A defendant may be found guilty of Prohibition Against Chemical Weapons , even if

4 the defendant personally did not commit the act or acts constituting the crime but aided and

5 abetted in its commission. To prove a defendant guilty of aiding and abetting, the government

6 must prove beyond a reasonable doubt:

7     First, Prohibition Against Chemical Weapons was committed by someone;

8     Second, the defendant knowingly and intentionally aided, counseled, commanded,

9 induced or procured that person to commit Prohibition Against Chemical Weapons; and

10     Third, the defendant acted before the crime was completed.  It is not enough that the

11 defendant merely associated with the person committing the crime, or unknowingly or

12 unintentionally did things that were helpful to that person, or was present at the scene of the

13 crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the

14 knowledge and intention of helping that person commit Prohibition Against Chemical

15 Weapons.

16     The government is not required to prove precisely which defendant actually

17 committed the crime and which defendant aided and abetted.

18

19 AUTHORITY:     Manual of Model Jury Instructions for the Ninth Circuit § 5.1 (2012)

20

21

22

23

24 GIVEN:       _____

25 REFUSED:     _____

26 MODIFIED:    _____

1

2
GOVERNMENT'S REQUESTED INSTRUCTION NO. 7

3
KNOWINGLY—DEFINED

4

5
An act is done knowingly if the defendant is aware of the act and does not act through

6
ignorance, mistake, or accident.  The government is not required to prove that the defendant

7
knew that his acts or omissions were unlawful.  You may consider evidence of the

8
defendant's words, acts, or omissions, along with all the other evidence, in deciding whether

9
the defendant acted knowingly.

10

11
AUTHORITY:        Manual of Model Jury Instructions for the Ninth Circuit § 5.6 (2012)

12

13

14

15

16

17

18

19

20

21

22

23

24
GIVEN:              _____

25
REFUSED:          _____

26
MODIFIED:        _____

GOVERNMENT'S REQUESTED INSTRUCTION NO. 8

PROHIBITION  AGAINST CHEMICAL WEAPONS


The defendant has been charged in Count 1 in the indictment with knowingly developing, producing, acquiring, transferring directly or indirectly, receiving, stockpiling, retaining, owning, possessing, using or threatening to use, any chemical weapon is guilty of a crime.   The government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly developed, produced, possessed, used a chemical weapon or assisted or induced another person to do any of the foregoing.

Second, that the defendant acted knowingly.

Third, that the offense took place in the United States.

Definitions

The term "chemical weapon" means the following, taken together or separately:

A.  A toxic chemical and its precursors, except where intended for one of the purposes that I will shortly list, as long as the type and quantity of the toxic chemical or precursor are consistent with such purpose.

B.  A munition or device specifically designed to cause death or other harm through toxic properties of a toxic chemical or its precursors that would be released as the result of the employment of such munition or device.

C.  Any equipment specifically designed for use directly in connection with the employment of munitions or devices that are specifically designed to cause death or other harm through toxic properties of a toxic chemical or its precursors that would be released as the result of the employment of such munition or device.

If the chemical weapon that the defendant is charged with developing, producing, possessing, using, consists of a "toxic chemical and its precursor," such developing,

14

producing, possessing, using, or assisting or inducing another person to do any of the foregoing, is criminal unless the chemical is intended for one of the following purposes, and the type and quantity are consistent with such purpose:

A. Peaceful purposes – Any peaceful purpose related to an industrial, agricultural, research, medical, or pharmaceutical activity or other activity.

B. Protective purposes – Any purpose directly related to protection against toxic chemicals and the to the protection against chemical weapons.

C. Unrelated military purposes – Any military purpose of the United States that is not connected with the use of a chemical weapon or that is not dependent on the use of the toxic or poisonous properties of the chemical weapon to cause death or other harm.

D. Law enforcement purposes – Any law enforcement purpose, including domestic riot control purpose and including imposition of capital punishment.

"Toxic chemical"

"Toxic chemical" means any chemical which through its chemical action on life processes can cause death, temporary incapacitation or permanent harm to humans or animals. The term includes all such chemicals regardless of their origin or of their method of production, and regardless of whether they are produced in facilities, in munitions, or elsewhere.

//
//
//
//
//
//
//
//

15

"Precursor"

The term "precursor" means any chemical reactant which takes part at any stage in the production by whatever method of a toxic chemical.  The term includes any key component of a binary or multicomponent chemical system.

AUTHORITY: 18 U.S.C.§ §229 and 229F.

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

16

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 9

### FALSE STATEMENTS

The defendant is charged in Count 2 of the indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation;

Second, the defendant acted willfully; that is, deliberately and with knowledge that the statement was untrue; and

Third, the statement was material to the activities or decisions of the Federal Bureau of Investigation; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material.

There is no requirement that the defendant acted with the intention of influencing the government agency.

//

//

17

1   　　　To make a false statement "willfully" under Section 1001, the defendant must have

2   the specific intent to make a false statement.  Specific intent does not require evil intent but

3   only that the defendant act deliberately and with knowledge.

4

5

6   AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit § 8.73 (2012),
    *United States v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir.1998); *see also United States v.*

7   *Matsumaru*, 244 F.3d 1092, 1101 (9th Cir.2001), *United States v. Yermian*, 468 U.S. 63, 73
    & n.13 (1984) and   *United States v. Heuer*, 4 F.3d 723, 732 (9th Cir.1993).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   GIVEN:          _____

25   REFUSED:        _____

26   MODIFIED:       _____

GOVERNMENT'S REQUESTED INSTRUCTION NO. 10

ALIBI

Evidence has been admitted that the defendant was not present at the time and place of the commission of the crime charged in the indictment.  The government has the burden of proving beyond a reasonable doubt the defendant was present at that time and place.

If, after consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crime was committed, you must find the defendant not guilty.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit § 6.1 (2012)

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____