**RICHARD C. BOCK**
**LINGEMAN & BOCK**
**SUITE 801, PIONEER PLAZA BUILDING**
**100 NORTH STONE AVENUE**
**TUCSON, AZ  85701**
**(520) 792-4940**
**(520) 792-2139 (FAX)**
**lingemanbock@qwestoffice.net**

**ATTORNEY FOR DEFENDANT FRIES**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.  CR11-1751-CKJ(CRP) |
| PLAINTIFF, ) | |
| ) | **OBJECTION TO** |
| VS. ) | **PRESENTENCE REPORT** |
| ) | **RULE 32(F)** |
| TODD RUSSELL FRIES, ) | |
| ) | |
| DEFENDANT, ) | |
| _____) | |

It is expected that excludable delay pursuant to 18 U.S.C. 3161(E) may result from the filing of this motion or an order based thereon.

The defendant, TODD RUSSELL  FRIES, by his attorney, RICHARD C. BOCK, files the following objections to the pre-sentence report dated January 10, 2013 pursuant to Rule 32 (f).  The defendant respectfully requests a hearing pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B).

**I.     FOUR LEVEL ADJUSTMENT 2M6.1(B)(3)**

Defendant objects to paragraph #31 which assesses a four level increase pursuant to U.S.S.G. 2M6.1(b)(3). The section authorizes a four level increase if two things happen in conjunction, the second factor is a substantial disruption , or substantial expenditure to clean up the decontaminate.

This factor is not in dispute and is not the basis for the objection . However, the imposition of the increase is conditional upon the the first portion of the guideline which states: If (A) subsection(a)(2), (a)(3)or (a)(4)applies . Section (a)(3), and (a)(4) refer specifically to the crime of 18 U.S.C. 175(b) which is not applicable in this case. Section (a)(2) applies where the other three sections do not apply . The practice commentary refers to section 18 U.S.C. 229 and says it applies only with respect to weapons of mass destruction as defined in a series of listed statutes.

"Weapon of mass destruction" has the meaning given that term in 18 U.S.C. §2332 a(c)(2)(B), (C) and (D). A copy of that definition is attached as Exhibit #1.

None of these statutes were charged or recited in this case. This case did not involve a "weapon of mass destruction." Absent use of a weapon of mass destruction as stated in the commentary the four level increase should not be applied in this case.

### II. OBSTRUCTION OF JUSTICE 3C1.1

The defendant objects to a two level adjustment set forth in paragraph # 34 for obstruction of justice pursuant to U.S.S. G. 3C1.1 . The guideline states that the adjustment applies if the related to the crime of conviction or is closely related to the offense. The conduct was the offense of conviction. The phone call was charged in Count 2 of the indictment as the substantive crime. The defendant stands convicted of that crime and being sentenced for that crime. The author may cite part 4 of the commentary examples of covered conduct section (g). providing materially false statement to a law enforcement officer that significantly obstructed the prosecution of the instant offense. The crime was charged under the broad spectrum statute 18 U.S.C. 1001(a)(2), as count two of the indictment. It is a charged crime for which he was convicted which is already computed in reaching his base offense level. This is not conduct of or relating to the crime. Rather, it is the crime itself

and the imposition of the adjustment is improper double counting.

The Ninth Circuit has authored a vast array of cases on this adjustment and they fall largely into two groups. First, testifying falsely at trial, **United States v. Jimenez-Ortega,** 472 F.3d 1102 ( 9th Cir. 2007). Second, species is when the defendant makes specific threats to a witness, **United States v. Fleming,** 667 F.3d 1098 (10th Cir. 2011).

One recent case does address the issue of double counting but it was in a failure to appear context. **United States v. Rosas,** 615 F .3d 1058( 9th Cir. 2010). The case concerned a defendant convicted on a drug conspiracy charge , who committed a violation while on supervised release and his subsequent failure to appear at a sentencing hearing. Both of which are separate and distinct transgressions not charged as the crime of conviction for which he is awaiting sentencing. This case seeks to add two points for conduct that is in fact, the specific conduct charged in a count of conviction . The guideline imposes the adjustment to " of or relating to" the count of conviction.

### III. DISPARITY IN SENTENCING:

The report fails to adequately consider or even mention disparity in sentencing 18 U.S. C. 3553(a)(6). Pages 16-18 of the report are the sentencing recommendation portion of the report there is no mention whatsoever of any section of 18 U.S.C. 3553 (a) despite the fact the court must consider each of the factors and each factor is to be given as much weight as the sentencing guideline calculation.

National uniformity of federal criminal sentences is the goal of the Federal Sentencing Guidelines **United States v. Saeteurn,** 504 F.3d 1175 ( 9th Cir. 2007). A District Court must consider the need to avoid unwarranted disparities under 18 U.S.C. 3553(a)(6). **United States v. Marcial-Santiago,** 447 F.3d 715( 9th Cir. 2000) .

In the most widely publicized case under 18 U.S.C. 229, a case which was already

3

reviewed in part by the United States Supreme Court, the defendant received six years in jail. ***United States v. Bond,*** 581 F.3d 128 ( 3d Cir.2009). The defendant in that case was a trained microbiologist who worked for the chemical manufacturer, Rohm & Haas.  The woman made twenty -four attempts to poison a romantic rival and was caught doing so on a video camera.

The chemicals she employed had the rare ability to cause toxic harm to individuals through minimal topical conduct.  ***Bond*** at 131-132.

The skill and ability level of this defendant was recognized by the appropriatness of a two level sentencing enhancement. The defendant in ***Bond*** clearly had the knowledge and sophistication to execute her plan.   It is respectfully submitted that her conduct lapped what Defendant Fries now stands convicted of.

### IV.    FINANCIAL CONDITION: ABILITY TO PAY

The  defendant's  total  net  worth  has  been  calculated  by  the  author  to  be  $327,427.00, paragraph 68.

It should be noted that the defendant, prior to his arrest and incarceration, ran a thriving business, to-wit: Burns Power Supply.  This business folded within months of his arrest of May 13, 2011.

The defendant respectfully submits that his net worth has been greatly overstated.

### V.  RESTITUTION:

The report requests restitution in a total amount of  $72,0780, to be awarded, $43, 415 to the Levine's, and Northwest Fire Department $26, 763.  The author does not indicate which restitution statute he is following but based upon his characterization of both parties as victims.  This objection shall address each respective claim under the Mandatory Victim Restitution Act. 18 U.S.C. 3663A.

The Northwest Fire Department claim of $26, 763, paragraph 82.  The end or aim of a Fire

Department is to put out fires. The Fire department was called to extinguish what was a burning garage door. The Fire Department is not really a victim of this crime.

18 U.S. C. 3663A mandatory restitution to victims of certain crimes defines victim in section ( a)(2). It reads in pertinent part , "For purposes of this section, the term victim means a person". The key term being "person" the Fire Department is not a person. There is no statutory authority for a monetary award to the Northwest Fire Department. Section (3) of the statute does allow for restitution to persons other than the victim but only "if agreed to by the parties in a plea agreement". That it not applicable to this case.

The claim of the Levine's in its current form lacks documentary support, i.e. there are no W-2's, no 1099's, no pay stubs, no federal or state tax returns, no commission checks, no medical bills, no parking receipts and no receipts for payment to third party service providers. Claims for damages for pain and suffering and emotional distress are recognized elements of a civil action and are recoverable by a party in such a claim.

Section (b) of the statute allows for recovery of property damage to personal property. The Levine's were tenants.

Given the nebulous nature of the claim and the lack of any documentation, the defendant requests the court to conduct a hearing to establish an accurate restitution amount.

RESPECTFULLY SUBMITTED this 31st day of January, 2013.

BY  /s/ RICHARD C. BOCK

Copy of the foregoing
delivered this date to:

Beverly Anderson
U.S. Attorney