1  WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV 16-00763-TUC-CKJ |
|---|---|
| Plaintiff/Respondent, | No. CR 11-01751-CKJ (CRP) |
| v. | **ORDER** |
| Todd Russel Fries, | |
| Defendant/Movant. | |

Pending before the Court is Defendant/Movant Todd Russel Fries' Motion Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1, CV-16-00763-TUC-CKJ; Doc, 403, CR-11-01751-CKJ (CRP).) The motion asks the Court to set aside Defendant's sentence because of the ineffective assistance of both trial and appellate counsel. (*Id*.) The Court dismissed the motion on Grounds One through Three, ordered the Government to file a supplemental response to Ground Four, and permitted Defendant an opportunity to file a reply. (Doc. 8, CV-16-00763-TUC-CKJ.) The Government filed a supplemental response. (Doc. 9, CV-16-00763-TUC-CKJ.) The Defendant did not file a reply. The Court denies Movant's motion as to Count Four.

- *Background*

On May 11, 2011 Defendant was indicted for two counts of Unlawful Possession, Development, or Production of a Chemical Weapon in Violation of 18 U.S.C. § 229(a)

and 18 U.S.C. § 229A(a)(1) and (2). (Doc. 20, CR-11-01751-CKJ (CRP).)[1] The charges stem from two chemical devices, comprised of chlorcyanuric acid and another unknown reactive chemical substance, which the Defendant produced and placed at the victims' residence on August 2, 2009. (Doc. 20.) Defendant was arrested on May 13, 2011. (Doc. 13.) Defendant's home was searched soon after the arrest. (Doc. 24, at 2.) In a dresser drawer, Defendant had cylindrical and spherical explosives, wrapped in latex gloves, and stuffed with BB pellets. (Doc. 383 at 97-102.) Also located in a box were additional cylindrical and spherical devices, latex gloves, and metal BB pellets. (*Id*. at 110-14, 117-18.)

A Second Superseding Indictment was returned on July 25, 2012. (Doc. 131.) The two counts of Unlawful Possession of a Chemical Weapon were consolidated into Count One and three counts were added. (Doc. 88, at 5.) Count Two alleged False Statements in Violation of 18 U.S.C. § 1001(a)(2). This count was related to a phone call made on August 4, 2009 to the Federal Bureau of Investigations in which another person was falsely implicated for the chemical weapons left at the victims' residence. (*Id*.) Counts Three and Four charged Unlawful Possession of Unregistered Destructive Devices in violation of 26 U.S.C. §§ 5845(a)(8) and 5845(f)(1)(A). Counts Three and Four were related to items found at the Defendant's residence after he was arrested and his property was searched.

On June 26, 2012, Magistrate Judge Pyle severed Counts Four and Five of the Indictment because the offenses were not sufficiently of similar character, were separated by time, and the targeted victims of the offenses were unrelated. (Doc. 159.)

*Trial # 1: Possession of a Chemical Weapon and False Statements*

Defendant's first trial was held between September 18, 2012 and October 5, 2012. A jury convicted Defendant of Counts One and Two of the Second Superseding Indictment. (Doc. 231.) On March 4, 2013, the Court sentenced Defendant to one

---

[1] Unless otherwise indicated, all documents are from the Defendant's criminal case, CR-11-01751-TUC-CKJ (CRP).

hundred fifty-one (151) months' incarceration for Count One and sixty (60) months' incarceration for Count Two to run concurrently, with thirty-six (36) months supervised release on each count to also run concurrently. (Doc. 317).

*Trial # 2: Two Counts of Possession of an Unregistered Device*

A second jury trial was held on the two counts of Possession of an Unregistered Destructive Device on August 6, 2013. At trial, Defendant testified that he altered three fireworks purchased in New Mexico, by adding BB pellets and wrapping them in Latex gloves claiming that he was trying to make the explosives more effective to kill packrats on his property; Defendant also admitted he had additional fireworks, BB pellets and latex gloves stored in a box where the other explosive devices were located. (Doc. 383 at 97-102.)

The jury found the Defendant guilty on both Counts. The Court sentenced the Defendant to sixty (60) month's incarceration for each count, with twenty (20) months to run consecutive to the previous sentence for chemical weapons and false statements, and thirty-six (36) months supervised release on each count to also run concurrent to his other sentence.

*Appeal*

Defendant appealed his convictions on all counts to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed Defendant's convictions in both cases. (Doc. 396; Doc. 398.)

Defendant was denied certiorari by the United States Supreme Court on both cases on December 8, 2015 (Doc. 399) and February 29, 2016. (Doc. 402.)

On December 7, 2016, Defendant filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the sentence imposed in this case. (Doc 1, CV-16-00763-TUC-CKJ; Doc. 403, CR-11-0175-CKJ (CRP).) Defendant claimed ineffective assistance of his trial counsel on four separate grounds. The Government filed a Response (Doc. 6, CV-16-00763-TUC-CKJ) and the Defendant filed a Reply. (Doc. 7, CV-16-00763-TUC-CKJ.) This Court ordered summary dismissal and denied the Petition as to Grounds One,

Two, and Three. The Court ordered the Government to file a supplemental response addressing the issues raised in Count Four and permitted the Defendant to file a supplemental reply. (Doc. 8, CV-16-00763-TUC-CKJ.) On September 11, 2017, the Government filed a supplemental response. (Doc. 9, CV-16-00763-TUC-CKJ.) The Defendant did not file a reply.

- *Standard of Review*

The statute governing habeas review of a federal conviction provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence imposed was in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such a sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

- ***Ground Four: Trial Counsel's Failure to Object to Jury Instruction on "Destructive Device."***

In regards to the Fourth Ground, the Defendant claims in his second trial, counsel was ineffective due to failure to object to the jury instruction for Possession of an Unregistered Destructive Device for Count Four of the second superseding indictment.[2] Defendant contends that his counsel failed to object to the jury instruction that improperly allowed him to be convicted under the wrong subsection of the definition of destructive devise.

Count Four of the Second Superseding Indictment charged Defendant with Knowing Possession of Destructive Devices, Firearms as Defined in 26 U.S.C. § 5845(a)(8) and (f)(1)(A). (Doc. 131 at 3.) The indictment further explains that the Defendant possessed subparts (sixteen (16) cylinders containing a low-explosive charge, six (6) spheres containing a low-explosive charge, and metal balls) with the intent to

---

[2] Although this allegation is difficult to extract form the original complaint, Defendant discusses the details of the jury instruction in his reply. This indicates that his objection refers to Count Four (count Two at the second trial) of the Second Superseding Indictment. (Doc. 7 at 8, CV-16-00763-TUC-CKJ.)

- 4 -

assemble as destructive devices. (*Id*.)

Defendant argues that the definition in subsection (f)(1)(A) describes a destructive device as "any explosive, incendiary, or poison gas . . . bomb." However, section (f)(3) describes a destructive device as "any combination of parts either designed or intended for use in converting any device into a destructive device as defined in [subsection (1).]" The jury instructions describe 26 U.S.C. § 5845(f)(3) instead of the section for which he was charged in the Second Superseding Indictment, § 5845(f)(1)(A). Defendant asserts the error allowed the jury to find him guilty for a subsection for which he was not charged; i.e. he was convicted for possession of an explosive bomb, when the jury instruction described possession of components that could be assembled into a destructive device.

Defendant contends that the subsection error violated his right to force the Government to prove the elements of the charge against him. Federal Criminal Procedure Rule 7(c)(1) states that the "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." However, Rule 7(c)(1) also states that "unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." A crucial purpose of an indictment is to give the defendant notice of the charges so that he may defend or plead his case adequately. (*United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992) (*citing United States v. Normandeau*, 800 F.2d 953, 958 (9th Cir. 1986)). The indictment must provide the Defendant a description of the charges against him sufficient to: (1) enable him to prepare his defense; (2) ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) enable him to plead double jeopardy against a later prosecution; and (4) inform the court of the facts alleged so that it can determine the sufficiency of the charge. *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir. 1980) (*citing Russell v. United States*, 369 U.S. 749, 763, 768 n.15, 771 (1962)).

Here, the essential facts constituting the offense charged appear in the Indictment,

thus giving Defendant notice of the offense he was charged with so that he could defend or plead his case. Count Four of The Indictment describes the criminal act as possession of component parts to be assembled to create a destructive devise rather than an explosive bomb. (Doc. 131 at 3.)

Defendant also argues that his counsel should have objected to the subsection error and failure to object to this error constitutes ineffective assistance of counsel. Defendant asserts that the jury instruction lowered the government's burden of proof and the government only had to prove parts rather than a fully assembled destructive device. (Doc. 7 at pg. 8, CV-16-00763-TUC-CKJ.) However, the language in Count Four describes the charged conduct as a possession of component parts to be assembled which is the language set forth in (f)(3), rather than the possession of an explosive bomb, for example. (Doc. 134 at 3). Contrary to the Defendant's assertion regarding the burden of proof, the Government actually had a higher burden of proof in Count Four because the Government was required to prove intent rather than mere possession of the destructive devices.

Furthermore, the jury instruction did not state the subsection and it had similar language to the Indictment. Specifically, the jury instructions defined a "destructive device" as "any explosive or incendiary bomb, or any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled." (Doc. 351 at 15-16.) The jury instruction for Count Four effectually mirrored the language of (f)(3) and the language set forth in the Indictment.

In sum, the Indictment contained the necessary facts for the offense and provided the Defendant notice regarding the allegations so that he could prepare an appropriate defense; furthermore, the jury was properly instructed.

- ***Ineffective Assistance of Counsel***

To obtain relief for a claim of ineffective assistance of counsel, a defendant must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's

actions were outside the wide range of professionally competent assistance, and (2) that the defendant was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id*. Furthermore, "failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). "[The] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011) (*quoting Strickland*, 466 U.S. at 689).

Section 2255 requires the district court hold an evidentiary hearing "[u]nless the motions and files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "[A]n evidentiary hearing is not required where the issue of credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record.") *Watts v. United States*, 841 F.2d 275, 277 (9th Cir.1988).

Here, there is no prejudice because, despite the subsection error, the Second Superseding Indictment sufficiently informed the Defendant of the nature of the charge. The indictment states that the Defendant possessed subparts (sixteen (16) cylinders containing a low-explosive charge, six (6) spheres containing a low-explosive charge, and metal balls) with the intent to assemble as destructive devices. (Doc. 134 at 3.) The Indictment also describes the act as possession of component parts to be assembled rather than an explosive bomb. (*Id*.)

Furthermore, an improper jury instruction is not cognizable in a § 2255 proceeding unless it is of constitutional magnitude or inherently results in a complete miscarriage of justice." *Merrill v. United States*, 599 F.2d 240, 243 (8th Cir. 1979) (*quoting Hill v. United States*, 368 U.S. 424, 428 (1962) (internal citations omitted). Also, "[t]here can be no viable ineffective assistance of counsel claim for failure to object to a proper jury instruction." *Johnson v. Moore*, 113 Fed. Appx. 249, 250 (9th Cir. 2004) (*citing United States v. Oplinger*, 150 F.3d 1061, 1072 (9th Cir. 1998); *United States v. Amigable*, 242

F.3d 383 (9th Cir. 2000).

In the present case, Defendant has fashioned his § 2255 habeas as an ineffective assistance of counsel claim, asserting counsel was ineffective for failing to object to jury instructions. Therefore, the Court addresses the motion under the *Strickland* standard.

Even if error is made by counsel, the error does not warrant setting aside the judgment of guilt if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691. The defendant must affirmatively prove prejudice by showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 693. Where the movant cannot establish prejudice, the court need not reach the performance prong. *Id*. at 697.

Here, the ambiguity in the indictment could have been resolved by the Defendant or the Government prior to or during trial by filing an appropriate motion to amend. Therefore, the Defendant cannot satisfy the first prong of the *Strickland* analysis.

*Summary Dismissal*

The Court is to review the § 2255 "motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id*. When this standard is satisfied, a hearing is not required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). In this case, the record shows that summary dismissal under Rule 4(b) is warranted for Ground Four.

Accordingly, IT IS ORDERED:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 403, CR 11-01751-CKJ (FRP)) is **denied** with prejudice as to Ground Four. In accordance with the Court's previous Order, all of Defendant's claims are

now denied. The civil action opened in connection with the § 2255 Motion (Doc. CV 16-00763-TUC-CKJ) is **dismissed with prejudice**.  The Clerk of Court shall enter judgment accordingly.

2. Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability on all grounds for appeal in Defendant's petition because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of November, 2017.

*(signature)*
Honorable Cindy K. Jorgenson
United States District Judge