WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-01751-001-TUC-CKJ (CRP) |
| Plaintiff, | **ORDER** |
| v. | |
| Todd Russell Fries, | |
| Defendant. | |

Before the Court is Defendant Todd Russell Fries' Emergency Motion for Compassionate Release Pursuant to Title 18 § 3582(C)(1)(A)(1) (Doc. 405) and renewed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 424). The Court appointed CJA panelist Attorney Henry L. Jacobs to file a motion for relief under § 3582(c)(1)(A) on Defendant's behalf, if counsel determined that it was appropriate to do so. As it concerns Defendant's renewed motion for sentence reduction, the Federal Public Defender filed a Notice stating that it saw no basis for appointment of counsel in connection with Defendant's renewed request. (Doc. 427)

**PROCEDURAL HISTORY**

On August 14, 2020, Defendant filed an Emergency Motion for Compassionate Release Pursuant to Title 18 § 3582(c)(1)(A)(1), arguing that due to several health-based risk factors related to the coronavirus pandemic he should be subject to early release from federal custody. (Doc. 405) On August 17, 2020, the Federal Public Defender filed its

first Notice Regarding Defendant's Pro Se Request for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), stating that Defendant failed to explain whether he attempted to exhaust his administrative remedies with the Bureau of Prisons before filing his request for compassionate release with the Court. (Doc. 406) As such, the Federal Public Defender indicated that it saw no basis for appointment of counsel at that time. *Id*. On August 18, 2020, the Court entered an Order denying Defendant's emergency motion for compassionate release without prejudice, as Defendant failed to indicate whether he exhausted his administrative remedies before filing suit. (Doc. 407)

On September 1, 2020, Defendant filed a Pro Se Notice Regarding Exhaustion of Administrative Remedy Related to Defendant's Request for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), explaining how he exhausted his administrative remedies before filing his request for compassionate release and requesting that the Court reconsider his emergency motion. (Doc. 408) On September 3, 2020, the Federal Public Defender responded by filing a Motion for Appointment of Counsel Under General Order 20-28, which stated that since Defendant had explained that he exhausted his administrative remedies before filing his motion for compassionate release, it would request that the Court appoint CJA counsel to assist Defendant in seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 409)

On September 4, 2020, the Court ordered CJA panelist attorney Henry Jacobs to file a motion for compassionate release on Defendant's behalf if counsel determined that it was appropriate to do so. (Doc. 410) The Court also vacated its previous Order denying Defendant's emergency motion for compassionate release and instructed the Government to file a response to Defendant's pro se motion should Attorney Jacobs file a notice that no renewed motion would be filed on Defendant's behalf. *Id*. On October 22, 2020, Attorney Jacobs filed a Notice of No Renewed Motion, which indicated that no renewed motion for compassionate release would be filed. (Doc. 414)

On December 18, 2020, the Government filed its Response to Defendant's Emergency Motion for Compassionate Release Pursuant to Title 18 § 3582(c)(1)(A),

arguing that while Defendant's obesity and heart issues presented an extraordinary and compelling reason permitting compassionate release during the pandemic, his request should nonetheless be denied because Defendant poses a danger to the community if released.  (Doc. 419)  In addition to its response, the Government included exhibits containing Defendant's detailed medical condition and history.  (Doc. 423)  Defendant failed to file a reply to the Government's response.

On January 15, 2021, Defendant filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 424)  Defendant's latest motion for a sentence reduction, which the Court construes as a renewed request for emergency compassionate release, fails to provide any argument as to how or why Defendant qualifies for a sentence reduction and simply offers checked answers to standardized questions.  *Id.*  In addition to his renewed motion for compassionate release, Defendant also filed a Proposed Release Plan in Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 425) and Medical Records and Additional Medical Information in Support of Motion for Sentence Reduction Under 18 U.S.C. § 3852(c)(1)(A) (Doc. 426).

On January 20, 2021, the Federal Public Defender filed a second Notice Regarding Defendant's Pro Se Motion for a Sentencing Reduction Under 18 U.S.C. § 3582(c)(1)(A), which stated that because Defendant failed to articulate any extraordinary or compelling reasons for a sentence reduction in his renewed request for compassionate release, it saw no basis for appointment of counsel.  (Doc. 427)  This Order follows.

## LEGAL STANDARD

The First Step Act became law on December 21, 2018.  *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety."  Timothy A. Scott & Larry A. Burns, *Ninth Circuit Criminal Handbook* § 14.18[3] (2020).  Prior to the passage of the Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

A court's reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The United States Sentencing Commission has issued a Policy Statement which explains the process a court is to utilize when analyzing a request for a sentence reduction under the compassionate release statute. *See* U.S.S.G. 1B1.13.

First, to the extent they are applicable, a court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*. Second, a court must find that either "extraordinary and compelling reasons" warrant a sentence reduction; or that the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). *Id*. Third, regardless of which determination the court has made in step two, it must find that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*. And fourth, the court must find that the reduction in sentence is consistent with the Commission's Policy Statement on the statute. *Id*. It is the defendant's burden to prove that he would not pose a danger to the safety of the community upon release.[1]

## ANALYSIS

---

[1] *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("As a general matter, principles as to the allocation of burden of proof rest on goals and access . . . If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020) (finding that the defendant "has the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist").

1         Defendant is 57 years old, is obese, suffers from hypertension and heart-related
2   issues, and has served a little over two-thirds of his 171-month federal prison sentence.
3   When Defendant's federal criminal sentence concludes, he must serve the remainder of his
4   state criminal sentence, which is not projected to terminate until September 2027.

5         In his emergency motion for compassionate release, Defendant argues that the Court
6   should reduce his sentence because he suffers from serious health issues which could
7   exacerbate the effects of COVID-19 should he contract the coronavirus while in prison.
8   Defendant also argues that failure to release him may amount to violations of his
9   constitutional rights.  While the Court acknowledges that Defendant suffers from certain
10  medical conditions which could increase the risk of severe illness should he contract the
11  coronavirus, it finds that he poses a danger to the safety of the community if released and
12  denies his request.

13        Courts in this circuit have concluded that exposure to COVID-19 alone fails to
14  constitute an extraordinary and compelling reason which supports compassionate release.
15  *See United States v. Tomlinson*, No. CR-17-01075-003-PHX-DGC, 2020 WL 7404639, at
16  *3 (D. Ariz. Dec. 17, 2020); *United States v. Alvarez-Espinoza*, No. CR-08-00611-02-
17  PHX-DGC, 2020 WL 5658932, at *3 (D. Ariz. Sept. 23, 2020).  Most damaging to
18  Defendant's request for a sentence reduction is the Court's finding that he is a danger to
19  the community and should not be subject to early release from federal custody.

20        As the Government highlights in its brief opposing compassionate release, in
21  August 2013, Defendant was convicted by jury of Possession of a Chemical Weapon, in
22  violation of 18 U.S.C. § 229(a), which is considered a federal crime of terrorism.
23  Simultaneously, Defendant was also convicted of making false statements to a federal
24  agent, in violation of 18 U.S.C. § 1001(a)(2), for contacting the FBI and falsely implicating
25  an unrelated third party for the chemical weapons violations he committed.  These charges
26  were *in addition to* two other federal convictions handed down in an October 2012 jury
27  trial.  As outlined by the Government's response, Defendant held a grudge against two
28  former clients of his commercial driveway sealing business and proceeded to terrorize them

with vandalism and, ultimately, chemical agents. The chemical attack resulted in the evacuation of a residential neighborhood and closure of streets and intersections in the nearby vicinities.

Considering the § 3553(a) factors that the Court outlined at Defendant's initial sentencing, the Court finds that Defendant has failed to prove that he will not pose a danger to the community upon release. Accordingly, his emergency motion for compassionate release, and renewed motion for compassionate release, are DENIED.

**IT IS ORDERED:**

1. Defendant's Emergency Motion for Compassionate Release Pursuant to Title 18 § 3582(C)(1)(A)(1) (Doc. 405) and renewed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 424) are DENIED.

2. This case remains CLOSED.

Dated this 9th day of February, 2021.

*[signature]*
Honorable Cindy K. Jorgenson
United States District Judge